# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL COLLINS, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VILLAGE OF PALATINE, )<br>)<br>Defendant. ) | Case No. 16 C 3814 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On June 14, 2007, a Palatine police officer placed a traffic citation on the windshield of Michael Collins's car in public view. The citation included Collins's name and driver's license number, as well as his date of birth, gender, height, and weight. A little under nine years later, on March 29, 2016, Collins sued Palatine. He contended, on behalf of himself and others similarly situated, Palatine had improperly disclosed personal information about him from motor vehicle records, in violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721(a).

Palatine has moved to dismiss Collins's suit, arguing that it is barred by the four-year statute of limitations that governs DPPA claims. Collins says in his complaint that his case is a "successor" to two other similar putative class actions against Palatine, *Senne v. Village of Palatine* and *Murphy v. Village of Palatine*, both of which alleged the same type of DPPA violation, and both of which were brought by the same lawyer who

filed the present case. Palatine prevailed on summary judgment in the *Senne* case, and *Murphy* was voluntarily dismissed. The Court's determination of Palatine's motion to dismiss Collins's suit largely turns on how the *Senne* case affected the running of the limitations period on Collins's DPPA claim.

## Facts

The Court takes the following facts from the allegations in Collins's complaint and from public court documents in the *Senne* and *Murphy* cases, of which the Court takes judicial notice. *See, e.g., White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

Collins lives in Long Grove, Illinois. On the morning of June 14, 2007, he parked his car in a public area at the Metra station in Palatine and boarded a train to Chicago. He says he believed he had paid the $2 parking fee. Later that day, a Palatine police officer issued a parking citation stating that the car was illegally parked. When Collins returned to his car that evening, he found the citation on the outside of his windshield, in plain view. The citation contained Collins's name, address, driver's license number, date of birth, gender, height, and weight. Collins alleges that the police officer obtained all of this information from the Illinois Secretary of State and that it came from his driver's license and vehicle title. Collins contends that Palatine's listing of this information on a traffic citation that was left in a publicly accessible place constituted disclosure of personal information from motor vehicle records prohibited by the DPPA.

On August 27, 2010, about three years and two months after Collins received his citation, the *Senne* lawsuit was filed. Senne's complaint, like Collins's, was based on his allegation that Palatine had improperly disclosed personal information from motor vehicle records in violation of the DPPA by including it on a traffic citation left on the

2

windshield of his car on August 20, 2010. The *Senne* suit was filed by attorney Martin Murphy, who is also Collins's attorney in the present lawsuit. The complaint in *Senne* said that the suit was being filed on behalf of a putative class of others who had received parking citations from Palatine. However, Senne's attorney did not file a motion to certify the class prior to the Court's dismissal of the suit for failure to state a claim on September 22, 2010. Senne appealed the dismissal of the suit, and the Seventh Circuit reversed. *See Senne v. Vill. of Palatine*, 695 F.3d 597 (7th Cir. 2012) (en banc). The clerk of the district court received the Seventh Circuit's mandate on September 11, 2012, and that is the date on which this Court reacquired jurisdiction over the case. Discovery then proceeded. Senne filed a motion for class certification on September 10, 2012 when the case came back to this Court, and he filed an amended motion for class certification on May 31, 2013. The class certification motion was briefed and argued, but following argument, the Court determined to defer ruling on the motion pending its consideration of an anticipated but not yet filed motion for summary judgment by Palatine. On November 27, 2013, the Court granted Palatine's motion for summary judgment and terminated Senne's class certification motion as moot. Judgment in Palatine's favor was entered that same day. The Seventh Circuit affirmed this Court's judgment on April 28, 2015, and the Supreme Court denied certiorari on November 2, 2015. *See Senne v. Vill. of Palatine*, 784 F.3d 444 (7th Cir.), *cert. denied*, 136 S. Ct. 419 (2015).

Attorney Murphy filed a suit against Palatine on his own behalf on November 2, 2015. He likewise alleged on behalf of himself and a putative class that Palatine had violated the DPPA by placing a traffic citation including information from his motor

vehicle records on his windshield on August 24, 2010 (interestingly, just three days before attorney Murphy filed the *Senne* lawsuit). *See Murphy v. Vill. of Palatine*, No. 15 C 9800 (N.D. Ill.). Murphy filed a motion for class certification on December 7, 2015. Palatine filed a motion to strike the class action allegations from Murphy's complaint on January 12, 2016, arguing that Murphy could not appropriately serve as both the class representative and the attorney for the class. On February 15, 2016, Collins, the plaintiff in the present case, filed a motion seeking to intervene in the *Murphy* case and file an amended complaint naming only himself as the named plaintiff in Murphy's stead. Palatine objected to the motion. On March 29, 2016, Collins separately filed the present lawsuit, and the next day, Murphy filed a document in the *Murphy* case entitled "plaintiff's Rule 41 motion for voluntary dismissal without prejudice." The Court entered an order in *Murphy* granting that motion on April 13, 2016, but it is likely that the dismissal of the case was effective on March 30, 2016 upon Murphy's filing of the mistitled "motion" for voluntary dismissal, because Palatine had neither answered the complaint nor filed a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

## Discussion

Palatine contends that Collins's lawsuit is barred by the statute of limitations. Collins argues that because the statute of limitations is an affirmative defense, it is inappropriate to dismiss the case as time-barred on a Rule 12(b)(6) motion. The Court disagrees. Though, generally speaking, affirmative defenses are not properly considered on a motion to dismiss for failure to state a claim—the reason being that a plaintiff is not required to anticipate possible affirmative defenses in his complaint—the law is clear that dismissal under Rule 12(b)(6) is appropriate if the complaint sets forth

4

everything that is necessary to establish the affirmative defense. *See, e.g., Bonstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). And as noted earlier, a court addressing a Rule 12(b)(6) motion may consider not just the complaint's allegations but also matters of which it may properly take judicial notice, including official court records. *White*, 814 F.3d at 885 n.2; *Olson v. Champaign Cty.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). The Court also notes that Collins specifically alleged in his complaint that "[t]his is a successor class action complaint to 10 cv 5434 (*Senne v. Village of Palatine, Ill.*) and 15 cv 9800 (*Murphy v. Village of Palatine, Ill.*)," Compl., p. 1, making it doubly appropriate to consider the public-record procedural history of those cases in addressing the present motion.

The Court therefore turns to the merits of Palatine's limitations argument. The general four-year limitations period found in 28 U.S.C. § 1658 governs DPPA claims. *See McDonough v. Anoka Cty.*, 799 F.3d 931, 939 (8th Cir. 2015). Collins's DPPA claim accrued when he found the parking citation on his windshield on June 14, 2007, *see id.* at 943; Palatine so argues, and Collins does not contend otherwise. Thus Collins's claim expired on June 14, 2011 unless a basis for tolling the limitations period exists.

There is no question that *part* of the limitations period is tolled by the pendency of the *Senne* and *Murphy* putative class actions. Collins would have been a member of the putative classes in each of those cases. For this reason, the limitations period applying to his claim was tolled during the period from the filing of each of those cases until either disposition in the district court or denial of class certification, whichever came

5

first. "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). And "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co.*, 462 U.S. at 354.

Collins says that class certification was never denied in either *Senne* or *Murphy* and that, as a result, the tolling provided under the rule of *American Pipe* never stopped. In *Senne*, the Court granted summary judgment in Palatine's favor and, at the same time, terminated the class certification motion as moot. In *Murphy*, the suit was voluntarily dismissed by Murphy prior to any ruling on the motion for class certification. Collins contends that because class certification was never denied in either case, tolling continued, and his suit is timely.

This argument is foreclosed by a series of Seventh Circuit cases, beginning with *Hemenway v. Peabody Coal Co.*, 159 F.3d 255 (7th Cir. 1998). In that case, the earlier putative class action suit was dismissed on jurisdictional grounds without any indication of a ruling directly on class certification. The court posed this question: "should it matter that [the earlier putative class action suit] was dismissed for want of jurisdiction rather than because class status was inappropriate?" *Id.* at 266. It answered the question no, saying that the putative class action's failure on jurisdictional grounds had to be treated as a failure of class certification for purposes of tolling under *American Pipe* and *Crown, Cork & Seal*. *Id.* The Seventh Circuit reaffirmed this principle in

*Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002), saying that although "[t]he filing of a class action suit tolls the statute of limitations for all members of the class, . . . when the suit is dismissed without prejudice *or* when class certification is denied the statute resumes running for the class members." *Id.* at 914 (emphasis added; internal quotation marks omitted). And finally, in *Sawyer v. Atlas Heating and Sheet Metal Works*, 642 F.3d 560 (7th Cir. 2011), the court said that "[t]olling lasts from the day a class claim is asserted until the date the suit is conclusively not a class action—which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides not to throw good money after bad" and drops the case. *Id.* at 563.

It was crystal clear that the *Senne* case was "conclusively not a class action" once this Court dismissed it. For this reason, the tolling effect of *Senne* stopped when that case was dismissed—actually, each time it was dismissed—even though the Court did not directly rule on the merits of the motion for class certification as such.

Collins also argues that the tolling effect of *Senne* never stopped because the members of the putative class in that case, including Collins, were not notified that the case had been dismissed. But nothing in Federal Rule of Civil Procedure 23 requires this.[1]

Were Collins's position on these points taken as the law, the mere filing of *Senne* would continue *to this day and beyond* to toll the statute of limitations for parking citation

---

[1] A rule requiring this would be quite difficult to administer. To note just a few of the issues: Who would pay for the cost of identifying class members (often a difficult and expensive task) and sending the notice? The plaintiff who has just lost his suit? The plaintiff's attorney? Or the defendant who has won the suit?

7

recipients in Palatine who got their tickets any time after August 26, 2006, four years before *Senne* was filed. In other words, were Collins to lose this case on its merits at any time before ruling on a motion for class certification, attorney Murphy could simply keep finding plaintiffs who had gotten parking citations in Palatine any time after August 26, 2006 and keep filing suits forever. A rule that allowed this would make no sense. It would completely defeat the purpose underlying statutes of limitation. No case in the Seventh Circuit supports Collins's position on this point.

Finally, the pendency of an appeal in *Senne* did not further toll the statute of limitations. Rather, the statute resumed running each time judgment was entered in this Court dismissing the case. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006) (concluding that plaintiff was "not entitled to take advantage of tolling in [the earlier suit] beyond the date when the district court dismissed the case.").

The upshot of the Court's ruling regarding when the statute of limitations was tolled and when it was not is that Collins's DPPA claim is time-barred. Between June 14, 2007, when Collins's claim accrued, and August 27, 2010, when *Senne* was filed, three years and seventy-four days had run on the four-year limitations period, leaving another 291 days for Collins to file suit. The *Senne* suit was first dismissed by this Court on September 22, 2010, and the limitations clock resumed at that point. It ran out sometime in mid-July 2011, while the case was still pending on appeal. And even were one to disregard the first dismissal-plus-appeal period in *Senne,* perhaps on the theory that because the dismissal was erroneous, the intervening time should not count against absent class members filing their own suits, the clock ran out after the second *Senne* dismissal, long before either Murphy or Collins filed their suits. Specifically, the

8

Court granted summary judgment in Palatine's favor on November 24, 2013, and if the same 291 days were left on the clock at that point, the limitations period expired sometime in mid-September 2014.  The *Murphy* suit was not filed until fourteen months after that, on November 2, 2015.  In short, Collins filed the present suit long after the statute of limitations had run.  The Court dismisses the case on this basis and thus need not address Palatine's additional arguments in support of dismissal.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [dkt. no. 9] and directs the Clerk to enter judgment dismissing this action with prejudice. The Court also denies plaintiff's motion for class certification [dkt. no. 15].

Date:  August 29, 2016

_____
MATTHEW F. KENNELLY
United States District Judge